DENISON et al. v. BROWN et al. (No. 1380.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 14, 1915. Rehearing Denied Jan. 21, 1915.)

1. TRIAL (§ 356*)—SPECIAL VERDICTS—ANSWER TO INTERROGATORY.

Where the jury disagreed as to one special question, although answering another question

which in different terms submitted the same matter, the question answered will not support a judgment, for evidently the jury did not understand one question.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 849–854; Dec. Dig. § 356.*]

2. BILLS AND NOTES (§ 373*)—VALIDITY.

A note obtained by false and fraudulent representations is valid in the hands of an innocent purchaser for value without notice.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. § 373.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by F. R. Denison and others against John L. Brown and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded as to the named defendant.

Cunningham & McMahon, of Bonham, for appellants. J. M. Baldwin, of Honey Grove, and Thos. P. Steger, of Bonham, for appellees.

LEVY, J. The suit is to cancel two notes, upon the ground of false and fraudulent representations inducing the purchase of a half interest in a garage. Special issues were submitted to the jury. According to a bill of exception, upon which error is predicated by appellant, the jury, after retiring to consider their verdict, came into court, and the foreman made the statement to the court that they had agreed upon an answer to all the questions submitted to them but one, and that they could not agree upon the finding to be made in respect to that one question. The court thereupon, it appears, looked over the answers as written down by the jury, and directed the foreman to sign the verdict as it was answered, which he did. After having the clerk to read aloud the verdict as signed, the court then asked the jury if that was their verdict; and, all of them answering that it was, the court received the verdict and discharged the jury. It appears from the record that there was disagreement, in proportional numbers, between the jurors as to the answer to be made to the question submitted and unanswered. The question asked, and which the jury failed through disagreement to answer, was:

"No. 3. Would plaintiff F. R. Denison have made the trade in question, and would the notes mentioned in the pleadings have been executed, if the representations set out in paragraph 3 of the plaintiff's original petition had not been made?"

[1, 2] Doubtless the court was of the opinion that the previous question, No. 2, which had been affirmatively answered, covered the same legal point of fact as the third question, and that, because the third question was in effect a repetition of the second question, it was unnecessary for the jury to answer the third question. Questions Nos. 2 and 3 did in legal effect cover the same material point in controversy, though they were in different wording. The fact, though, that the jury agreed upon the answer to the second question and disagreed in part to nearly half of their number as to the answer to the third question, would seem to plainly show that they did not fully comprehend the questions as formulated, or intend the extent of the answer to the second question. It must be presumed that jurors, in a faithful effort to perform their duties, would not, if fully understanding the meaning and scope of the two questions, first find and answer that a state of facts existed, and then in the next moment have a marked disagreement over whether such state of facts did exist and have the same effect in inducing the contract of the parties. A further discussion of the questions by the jury may have brought a clearer understanding. In view of the extreme doubt existing as to whether the jury had, at the time they came into court to report disagreement, fully understood the questions and had knowingly agreed finally upon the extent of finding made, it is thought that it should be ruled that the court prematurely, and to appellant's injury, withdrew the case from the jury.

The court erred in not granting a new trial for the error, and the judgment is reversed and the cause remanded for another trial as to the defendant John L. Brown in respect to the petition and prayer for damages. It is concluded, though, that, as the evidence failed to establish that defendant Shirley was not an innocent purchaser for value of the note before maturity, the court should have peremptorily instructed a verdict in his favor, and for that reason the judgment as to him should not be disturbed, but affirmed, and it is accordingly so ordered.